UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal Case No. |
| v. | ) | 12-cr-65-JMH |
| | ) | |
| ELI HOLLEY, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION AND ORDER** |

\*\*\*

This matter is before the Court the Motion to Withdraw Plea of Guilty [DE 480] filed by Defendant Eli Holley, pro se. The Court has had the benefit of her motion, the response of the United States, and Defendant Holley's allocution at a hearing on November 10, 2014. At the conclusion of that hearing, the Court announced that her motion would be denied. This Memorandum Opinion and Order is intended to supplement that ruling and memorialize the Court's decision to deny her Motion.

The Court has carefully considered Defendant Holley's arguments and has concluded that her Motion to Withdraw Plea of Guilty is without merit. At the foundation of the Court's decision is this: Holley does not deny any of the facts set forth as the basis for her guilty plea on December 4, 2013, or even deny that she is guilty of the crime charged in the Indictment against her. Rather she insists that she was unaware

1

that entering a guilty plea would mean that she would have no opportunity to present a defense. She argues that she would have a defense to the crime stemming from death threats received from an individual she knew as Rob and which were sent via text to her son and co-defendant as well as threatening or at least hate-filled emails received from others.[1] She states that "Rob" threatened to kill her family members if they did not do as they were told to do in committing the crime.

The Court need not weigh in on the merits of such a defense because Defendant Holley cannot be surprised by the fact that she will be unable to present it before sentencing. She testified under oath at the December 4, 2013, rearraignment hearing that she had discussed the charge and the case in general with her counsel and that she understood that she was waiving her right to trial, including the right to subpoena

---

[1] She also insinuated that she was somehow "tricked" into entering a guilty plea because, even though she had long expressed reservations about entering a guilty plea to counsel, she was arrested in Georgia and detained for violating the conditions of her bond then required to appear before this Court in the period which eventually led up to her rearraignment. She explained to the Court during her allocution at the November 10, 2014, hearing on her Motion to Withdraw Plea of Guilty that she felt that she was arrested and detained on false pretenses because, while she was accused of communicating with her son, Nicholas Corey Garner, in violation of the Court's orders, the Court's orders expressly permitted that communication. She explained that, during her period of detention in advance of the hearing on bond revocation before this Court, she was told – by someone she has not identified – that she should persuade her son, co-Defendant Nicholas Corey Garner, to enter into a guilty plea at that time and that she was arrested and he was brought to the courthouse solely for that purpose. The record does not support this account. While it is true that Magistrate Judge Wier's Order Setting Conditions of Release, entered on October 2, 2012, required her to avoid all contact with any known government witness or co-defendant except for Garner [DE 79], a later order of the Court forbade Nicholas Corey Garner from having contact with family members charged as co-defendants in this case, including Eli Holley [DE 243]. While there may have been some question as to the ramifications of such communications for Defendant Holley with respect to her bond, the fact of the matter was that she was facilitating behavior forbidden a co-defendant in this matter and was before this Court for the reasons set forth in the record. Ultimately, the Court does not view her arrest as suspect and considers this argument irrelevant to her Motion to Withdraw Plea of Guilty.

2

witnesses to testify in her defense and to testify voluntarily and in her own defense or not at all, as she preferred. Following the Court's clear explanation that a guilty plea would mean the waiver of those rights, she acknowledged that she had heard and understood the Court's words. She also testified under oath that she was fully satisfied with the advice, counsel, and representation provided by her court-appointed attorney in the matter.

Further, nearly eleven months passed from the time of her guilty plea until she made her Motion on October 27, 2014. In that time, the presentence investigation report, albeit not the final version of that report, has been circulated and provided to Defendant Holley by counsel. Undoubtedly the length of the proposed sentence contained in that document has prompted her motion despite the Court's admonition at the time of her rearraignment that, if the sentence ultimately ordered by the Court was greater than she expected, she would be bound by her plea and have no right to withdraw it. The Court will hold her to that plea as any concern that she might have about the length of the sentence which might be entered cannot serve as the grounds for a withdrawal of her plea.

Accordingly, **IT IS ORDERED** that Defendant Holley's Motion to Withdraw Plea of Guilty [DE 480] is **DENIED**.

This the 10th day of November, 2014.



Signed By:
*Joseph M. Hood*   JMH
Senior U.S. District Judge