```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

UNITED STATES OF AMERICA,    )
                             )
    Plaintiff,               )
                             )        Criminal Case No.
v.                           )         12-cr-65-JMH
                             )
ELI HOLLEY,                  )   **MEMORANDUM OPINION AND ORDER**
                             )
    Defendant.               )

                                    \*\*\*

This matter is before the Court Defendant Eli Holley's Motion for Release Pending Appeal [DE 708]. In her Motion she requests relief under 18 U.S.C. § 3143(b), which provides that,

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
>     (i) reversal,
>
>     (ii) an order for a new trial,

>   (iii) a sentence that does not include a term of imprisonment, or
>
>   (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

For the purposes of evaluating her Motion, the Court accepts that Defendant is not likely to flee or pose a danger to the safety of any other person or the community and that her appeal is not for the purpose of delay and may raise a substantial question of law or fact. The Court understands that she intends to argue on appeal that the Court's calculation of loss attributable to her was erroneous because it imposed responsibility upon her for all activity of the conspiracy during essentially the entire duration of the conspiracy, notwithstanding her uncontroverted testimony that she was not involved for periods of months. She will argue on appeal that there was no credible evidence that the level of activity of the conspiracy was the same throughout its life, and, yet, the Court calculated the amount of loss based upon an average. On appeal, it will be her position that the increase for the amount of loss under U.S.S.G. § 2B1.1(b)(1) should have been six levels, rather than 18 levels, and that a twelve level reduction would potentially make Ms. Holley's guideline range equal to or lower than the sentence imposed and that, after the factors identified

in 18 U.S.C. § 3553(a) – which have previously been recognized by the Court -- are taken into account, the term of imprisonment would be less than the expected duration of the appeal process.

The Court considers whether this argument to be presented on appeal qualifies as a substantial question of law or fact and concludes that it does not. "[A]n appeal raises a substantial question when the appeal presents a close question or one that could go either way and that the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (quoting *United States v. Powell*, 761 F.2d 1227, 1233–34 (8th Cir. 1985) (internal quotations omitted)). A substantial question is "one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985), *see also United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985). The Sixth Circuit has held that 18 U.S.C. § 3143(b)(1)(B) "does not require the district court to find that it committed reversible error" for it to find that the appeal raises a substantial question. *Pollard*, 778 F.2d at 1181–82. Nor must the court find that defendant is likely to prevail on appeal. *Powell*, 761 F.2d at 1234.

Here, the Court does not doubt that the question to be raised on appeal presents a question integral to the merits of her sentencing concerns. However, the issue presented is fairly straightforward, neither novel nor one for which controlling precedent is lacking, and the result is not "fairly doubted." Thus, the Court is not persuaded that the appeal is *likely* to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence as required for relief under 18 U.S.C. § 3143(b)(B)(i)-(iv).

Accordingly, Defendant Eli Holley's Motion for Release Pending Appeal [DE 708] is **DENIED**.

This the 2nd day of April, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

4