UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. |
| Plaintiff, ) | 5:12-cr-00065-JMH-5 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| ELI HOLLEY, ) | |
| ) | |
| Defendant. ) | |

\*\*\*

This matter is before the Court on Defendant Eli Mae Holley's ("Holley") Motion to Conduct Emergency Hearing Pursuant to "MVRA" 18 U.S.C. 3664. [DE 919]. Having reviewed Holley's motion, it is apparent that she seeks a modification of her restitution.

On November 11, 2018, Holley moved for an emergency hearing and requested the Court to modify her court-ordered restitution in accordance with her current financial situation. [DE 919]. Upon the Court's order, [DE 930], the United States responded in opposition to Holley's motion. [DE 940]. Holley having replied, [DE 945], this matter is now ripe for review.

For the reasons that follow, Holley's motion for an emergency hearing and/or modification of her court-ordered restitution is **DENIED**.

### I. Factual and Procedural Background

On August 15, 2012, Holley was indicted for wire fraud in violation of 18 U.S.C. § 1343. [DE 43]. On December 4, 2013,

1

Holley pleaded guilty without a plea agreement. [DE 331]. This Court, on April 7, 2015, entered an amended judgment sentencing Holley to 36 months confinement followed by 3 years supervised release. [DE 777]. In addition, the Court ordered Holley, held jointly and severally with several co-defendants, to pay restitution to numerous victims in the amount of $1,807,517.06 with daily interest accruing. [Id. at 6-7, PageID #6887-88; [DE 798 at 49, PageID #7266]. No monthly restitution payment amount was set at the time of sentencing. [DE 940-2 at 1, PageID #8092].

Holley her supervised release in the on December 1, 2017. On December 12, 2017, Holley refused to sign a waiver to set a monthly payment in any amount for her restitution. [DE 940-2 at 1, PageID #8092]. This Court approved the U.S. Probation Office's report on Holley, indicating that she was not in compliance because she had failed to pay restitution, allowing Ms. Holley's restitution payments be held in abeyance until her disability claim is either approved or she secures full time employment. [DE 881]. On April 18, 2018, the Northern District of Georgia accepted transfer of Ms. Holley's supervised release. [DE 885].

On September 10, 2018, Holley came before the Honorably Steve C. Jones, district judge for the Northern District of Georgia for a Revocation of Supervised Release hearing. [DE 940-3]. That Court found that Holley had not violated the conditions of her supervised release because she had been making payments through

the Treasury Offset Program. [Id.]. As of February 4, 2019, Holley has paid $1,482.39 towards her restitution obligation, all of which was obtained by either the Inmate Financial Responsibility Program or the Treasury Offset Program. [DE 940-6, PageID #8109].

Prior to December 2018, Holley had lived in extended stay hotels, which cost approximately $700-900 per month. [DE 940-4 at 2, PageID #8096]. Holley has since moved into an apartment with her son, who is disabled. [Id.]. She reported that rent is $1,100 per month. [Id.]. Holley has now moved the Court to modify her restitution to account for her current financial situation. [DE 919].

## II. Analysis

Holley argues that she is entitled to a modification of her restitution, demanding an "emergency hearing" in order that the Court might consider her current financial circumstances and re-fashion her restitution. [DE 919]. Specifically, she urges the Court to take into consideration the fact that she is currently disabled, and the Treasury Offset Program is deducting $117.00 from the $864.00 per month she receives from the Social Security Administration. [Id. at 2, PageID #7981]. She takes particular issue with the fact that the judgment states that restitution became "due immediately." [Id.].

In response, the United States argues that no adjustment is required on a judgment that imposes liability "due immediately."

3

[DE 940]. Moreover, the United States states that even if adjustment is considered the payment schedule does not prevent the government from further collection action. [DE 940 at 5-6, PageID #8086-87]. Finally, the United States contends that Holley has failed to provide any support upon which to base any material determination, let alone a reduction. [DE 940 at 6-8, PageID #8087-8089].

To the extent Holley attacks the Court's restitution order, her motion must necessarily fail. Under the Mandatory Victim Restitution Act (the "MVRA"), 18 U.S.C. § 3663A, this Court must order a defendant to pay restitution to a victim of certain offenses, including any offenses under Title 18 of the United States Code. 18 U.S.C. § 3663A(a)(1). Restitution orders issued under the MVRA are to be enforced pursuant to the provisions of 18 U.S.C. § 3664. *See* 18 U.S.C. § 3663A(d). Section 3664 does not allow a court to consider a defendant's ability to pay when setting the amount of restitution; rather, the amount must be set at the full amount of the victims' losses. 18 U.S.C. § 3664(f)(1)(A). Thus, Holley's argument that the Court should have considered her ability to pay when setting restitution is wholly without merit.

Moreover, the Court did not set a restitution payment schedule, thus it cannot modify or reduce a non-existent payment schedule, as Holley requests. The court in setting a payment schedule for the restitution should consider: (1) the defendants'

financial resources and assets; (2) defendants' projected future cash flow; and (3) defendants' financial obligations. 18 U.S.C. § 3664(f)(2). If the court finds multiple defendants culpable for the "loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C. § 3664(h). The defendant bears the burden of proof of establishing his financial condition. 18 U.S.C. § 3664(e).

Under 18 U.S.C. § 3664(k), the Court is allowed to modify a defendant's restitution payment schedule if the defendant can demonstrate a "material change" in his or her "economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). Upon receipt of a motion demonstrating this "material change," the Court may adjust the payment schedule "as the interests of justice require." *Id.*

The Court determines whether there is a material change in the defendant's economic circumstances by "an objective comparison of a defendant's financial condition before and after a sentence is imposed." *United States v. Dye,* 48 Fed. Appx. 218, 220 (8th Cir.2002). Though only the payment schedule, and not the restitution amount, may be modified through this statute, this may be done at any time. *United States v. Brill,* 2007 U.S. Dist. LEXIS 56225, at *11, *13-15 (E.D.N.Y. June 7, 2007). However, the Court

5

did not set a payment schedule for Holley. In fact, Holley refused to sign a waiver to set a monthly payment in any amount for her restitution. [DE 940-2 at 1, PageID #8092]. As a result, this Court cannot modify or reduce a non-existent payment schedule.

Instead, Holley's social security disability payments are subject to a tax under the Treasury Offset Program. Pursuant to that program, upon defendant's failure to pay the criminal monetary penalty, the Secretary of the Treasury shall collect such tax by levying against all of defendant's property and rights to property. 26 U.S.C. § 6331(h). Accordingly, some payments, like Holley's social security disability payments, are subject to a 15% levy. This Court cannot modify or reduce that levy.

Accordingly, **IT IS ORDERED** as follows:

(1) that Defendant Holley's Motion is hereby **DENIED;**

(2) That Defendant Holley's request for the appointment of counsel is **DENIED**; and

(3) That Defendant Holley's request for an emergency hearing is **DENIED.**

This, the 19th day of April, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge